JS-6  O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 14-00232-DOC (ANx)                                      Date: April 21, 2014

Title: JERRY CONCHO, ET AL. V. PIPELINE CARRIERS, INC., ET AL.

---

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING FOR LACK OF JURISDICTION**

On February 27, 2014, the Court issued an Order to Show Cause why this case should not be remanded for improper removal.  Having reviewed the responses to the Court's Order to Show Cause ("OSC"; Dkt. 6), the Court REMANDS the case for lack of subject matter jurisdiction to Orange County Superior Court.

**I.   Background**

On May 10, 2013, Plaintiffs Jerry Concho and others ("Plaintiffs") filed a class action complaint against Defendants Pipeline Carriers, Inc. and KTI, Inc. ("Defendants") in Orange County Superior Court.  Notice of Removal (Dkt. 1), Ex. B, at 1.  Plaintiffs assert multiple violations of the California Labor Code and a single violation of California Business & Professions Code.  *Id*.  Plaintiffs served Defendants with complaint on or about May 15, 2013.

On June 26, 2013, Defendants filed an answer to the complaint in the state court. Pls.' Br. in Resp. to OSC, (Dkt. 7), at 3.  Soon after, the parties agreed to attempt resolving the matter by private mediation and stipulated to stay proceeding pending the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00232-DOC (ANx)                                    Date: April 21, 2014

                                                                                                                                                                             Page 2

outcome of the mediation. *Id*. On November 25, 2013, the stay was lifted when the parties were unable to reach an agreement by mediation. *Id*.

After failing to receive responses to their discovery requests, Plaintiffs filed eight motions to compel on January 8, 2014. *Id*. Prior to the hearing for the motions, Defendants substituted counsel on February 12, 2014. *Id*. The next day, Defendants removed the case to a Federal District Court in the Central District of California. *Id*.

Upon receiving the Notice of Removal, Plaintiffs requested stipulation from Defendants to remand the case back to state court. *Id*. at 4. Plaintiffs argued that the removal was improper because it was untimely and that the Court lacked subject matter jurisdiction. *Id*. Defendants refused to stipulate arguing that removal was proper. *Id*.

On February 27, 2014, the Court issued an Order to Show Cause why the case should not be remanded to state court based on timeliness and a lack of subject matter jurisdiction. OSC at 1. In their responsive briefs, the parties agree that federal question jurisdiction is the only possible basis for subject matter jurisdiction. Plaintiffs argue that there is no federal question jurisdiction because the complaint pleads only state law claims. Pls.' Br. in Resp. to OSC at 2. Plaintiffs also argue that the removal is untimely. *Id*. at 1. Additionally, Plaintiffs seek fees and costs associated with removal. *Id*. at 10. Defendants respond that the Court has jurisdiction under federal question jurisdiction. Defs.' Br. in Resp. to OSC, at 2. They argue timely removal because they removed immediately after finding federal question jurisdiction after their own independent investigation. *Id*. at 3-4.

## II. Legal Standard

"Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte,* at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court must remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

Section 1441 provides that a defendant may remove a civil action filed in state court to the district "embracing" the state court if the district court has original jurisdiction to hear the matter. *See* 28 U.S.C. § 1441. The removing defendant must file in the appropriate district court a notice of removal that includes all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). "The party seeking removal bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00232-DOC (ANx)                                  Date: April 21, 2014

                                                                                                                                Page 3

### III.     Discussion

       a.  **Subject Matter Jurisdiction**

Defendants claim this Court has subject matter jurisdiction under 28 U.S.C. § 1331, which authorizes federal jurisdiction over "federal question" cases --- those cases "arising under the Constitution, laws, or treaties of the United States." *Ethridge*, 861 F.2d at 1393 (internal citation and quotation marks omitted). Specifically, Defendants argue that the Court has jurisdiction because Plaintiffs' claims are preempted by federal law. Specifically, Defendants argue that the Federal Aviation Administrative Authorization Act ("FAAA Act") and the Motor Carrier Act ("MCA") preempt the claims at issue because Plaintiffs were employed as truck drivers transporting goods in interstate commerce. Defs.' Br. in Resp. to OSC at 7. Plaintiffs argue that jurisdiction is lacking because they only assert claims under California state laws and Defendants are only asserting a federal preemption defense, which is not a proper basis for removal. Pls.' Br. in Resp. to OSC at 7.

A court has federal question jurisdiction over a case or controversy when a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002).

The mere presence of a federal issue in a state law cause of action is not sufficient in and of itself to confer federal question jurisdiction. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Similarly, "A state-initiated case will not be removable based upon a federal issue that is raised by way of defense, even when the defense is that the plaintiff's state-law claim has been preempted by federal law." Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3722 (4th ed. 2013). This is true even if "the defense is anticipated in the plaintiff's complaint" or the parties agree that the federal defense is the only real question at issue. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The well-pleaded complaint rule has exceptions, however. The artful pleading doctrine prevents a plaintiff from frustrating a defendant's right to remove "by pleading a case without reference to any federal law when the plaintiff's claim is necessarily

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00232-DOC (ANx)                                        Date: April 21, 2014
                                                                                                                       Page 4

federal." Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3722.1 (4th ed. 2013). Thus, "[o]ne exception to the statutory 'well-pleaded complaint' rule is when Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987)). This preemption cannot be "ordinary" preemption, however, in which the plaintiff's claims are likely preempted by federal law. Rather, complete preemption requires that federal law "supplant [the state law claim] with a federal claim." *Ethridge*, 861 F.2d at 1395 (quoting *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987)).

       Federal law completely preempts state law when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (internal citation and quotation marks omitted). Several courts have noted, however, that the doctrine focuses not on the breadth of federal preemption, but rather on federal law *replacing* state claims. *See Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000) ("Unfortunately 'complete preemption' is a misnomer, having nothing to do with preemption and everything to do with federal occupation of a field."); *Schmeling v. NORDAM*, 97 F.3d 1336, 1342 (10th Cir. 1996) ("We read the term not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law, but rather as a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal."); Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3722.2 (4th ed.) ("In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to a state law claim but also to replace the state law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court.").

       Complete preemption is rare. Only a small number of federal statutes have sufficient preemptive force to warrant removal jurisdiction: (1) Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *see Avco Corp. v. Machinists,* 390 U.S. 557, 561-62 (1968); (2) Section 502 of the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq., see Metropolitan Life*, 481 U.S. at 66; and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–86, *see Beneficial Nat'l Bank, supra,* 539 U.S. at 11 (state usury claims against national banks). The Price-Anderson Act is sometimes discussed in this context, although its statutory provisions are

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-00232-DOC (ANx) | Date: April 21, 2014 |
| | Page 5 |

unique and thus not relevant to the instant issue. *See* 42 U.S.C. § 2011 *et seq*.; *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 476 (1999).

The touchstone of complete preemption is Congressional intent to supplant any state cause of action in a certain area with a federal cause of action. *See Beneficial*, 539 U.S. at 8 (considering statutory text and legislative history to determine complete preemption); *Metro. Life*, 481 U.S. at 63-64 ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal citation and quotation marks omitted) (noting that complete preemption "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim."). Thus, in determining whether a statutory provision completely preempts a state law claim for removal purposes, the Court must ask whether that provision "provide[s] the exclusive cause of action." *Beneficial*, 539 U.S. at 9 (2003). In the few cases in which the Supreme Court has found complete preemption, "the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action. *Id*. at 8.

First, Defendants argue that this Court has original subject matter jurisdiction under 28 U.S.C. § 1337(a), which provides that: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). However, Plaintiffs do not allege claims arising under an act of Congress; Plaintiffs allege state law claims. "A case does not 'arise under' federal law for purposes of section 1337(a) where the act of Congress regulating commerce is interjected into the suit as a defense." *See Powers v. S. Cent. United Food & Commercial Workers Unions & Employers Health & Welfare Trust*, 719 F.2d 760, 767 (5th Cir. 1983) (citing *Franchise Tax Board,* 103 S.Ct. at 2845 n.7). Therefore, Defendants may only remove the claims if they are completely preempted by federal law. Defendants arguments in that respect focus on the FAAA Act and the MCA.

It is not clear to the Court to what extent the MCA is an actual basis for preemption, or simply included in Defendants' briefs because it is a precursor of sorts to the FAAA Act. The MCA deregulated the trucking industry. *Dan's City Used Cars, Inc. v. Pelkey*, 133 S. Ct. 1769, 1775 (2013). The FAAA Act extended that deregulation to intrastate transportation of property. *Id*. It appears from Defendants' briefing that its actual preemption argument is premised on the FAAA Act, and so the Court proceeds to analyze complete preemption of that statute.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00232-DOC (ANx)                              Date: April 21, 2014

                                                                                                                  Page 6

       Defendants argue that the FAAA Act completely preempts Plaintiffs' California wage, meal, and rest break claims. This argument is largely based on a sister Court's determination that such claims fall into the FAAA Act's preemption clause as having "the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property. 49 U.S.C. § 14501(c)(1)." *Dilts v. Penske Logistics LLC*, 819 F. Supp. 2d 1109, 1115 (S.D. Cal. 2011). This analysis did not address, however, whether the FAAA Act supplants such claims such that removal jurisdiction exists. It may be true that federal law in fact preempts Plaintiffs' claims; this is not the inquiry for complete preemption. "The fact that the defendant might ultimately prove the plaintiff's claims are pre-empted" does not establish a proper basis for removal jurisdiction. *Caterpillar*, 482 U.S. at 398.

       First, the Court turns to the statutory provisions the Supreme Court has previously held "completely preempt" state causes of action. The relevant portion of the LMRA reads: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The relevant portion of ERISA in turn reads: "The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." 29 U.S.C. § 1132(f). These statutory provisions expressly give district courts jurisdiction to hear the relevant claims.

       The FAAA Act's preemption clause, however, does not include a similar jurisdictional statement. The Act makes clear that it intends to preempt state laws "having the force and effect of law relating to . . . scheduling of interstate or intrastate transportation . . . the implementation of any change in the rates for such transportation or for any charter transportation . . . or *. . .* the authority to provide intrastate or interstate charter bus transportation." 49 U.S.C. § 14501(c)(1). But there is no indication that, even if a state labor code were preempted, the act intends to provide the only remedy for such a claim.

       Additionally, the preemption language of the FAAA closely mirrors a *different* provision of ERISA that has been held to provide only conflict preemption and not complete preemption. *See Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995) ("Thus, complete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not."). Section 514(a) provides that "the provisions of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-00232-DOC (ANx) | Date: April 21, 2014 |
| | Page 7 |

this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 1003(a) of this title . . . ." 29 U.S.C. § 1144(a) (emphasis added). The "relate to" language of § 514(a), which does not provide removal jurisdiction, is very similar to the FAAA Act's preemption of laws "relating to" certain aspects of interstate transport. This further suggests that Congress did not intend to supplant state law labor claims entirely when it passed the FAAA Act.

Because there is no evidence that Congress intended to replace the California Labor Code claims raised here with federal claims, there is no basis to find that the FAAA Act completely preempts those claims. The claims at issue are therefore not inherently federal, and cannot be the basis for removal to this Court.

Defendants point to no evidence of Congressional intent to replace California wage and hour claims with federal claims. The FAAA Act is therefore not a basis for removal jurisdiction, although it may provide Defendants with a preemption defense. *See City of Rockford v. Raymond*, 98 C 50353, 1999 WL 218549 (N.D. Ill. Apr. 14, 1999) ("This court holds section 14501(c) of the FAAAA does not evidence a Congressional intent to transfer jurisdiction over all preemption claims arising thereunder from state to federal courts.").

### b. Attorney's Fees and Costs

Plaintiffs requests $8,832 in attorney's fees and costs they incurred because of the improper removal pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11. Pls.' Br. in Resp. to OSC, at 10.

#### i. Rule 11 Sanctions

The Court may only award Rule 11 sanctions after notice and a reasonable opportunity to respond is given. Fed. R. Civ. Pro. 11(c)(1). The Court did not give notice in its OSC of Rule 11 sanctions, and Plaintiffs have not filed a motion for Rule 11 sanctions. Even if the Court took Plaintiffs' brief as such a motion, it is procedurally defective because Defendants did not have the mandatory 21-day safe harbor. Fed. R. Civ. P. 11(c)(2); *see also Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1152 (9th Cir. 2002) (holding that a party requesting Rule 11 sanctions by motion must provide 21-day safe harbor period after service to opposing party prior to filing the motion with the court). Accordingly the Court DENIES Rule 11 Sanctions.

#### ii. Fees and Costs Pursuant to 28 U.S.C. § 1447(c)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-00232-DOC (ANx) | Date: April 21, 2014 |
| | Page 8 |

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Therefore, a court may award attorney's fees when there was no "objectively reasonable basis for seeking removal." *Id*. The district court should be guided by the purpose for awarding attorney's fees, to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. *Id*. at 140. However, it should be balanced against undermining Congress's decision to afford defendants a right to remove as a general matter. It is not apparent to the Court that there was no reasonable basis for Defendants' removal. The Court therefore declines to award fees under the statute.

### IV.    Disposition

For the foregoing reasons, the Court REMANDS the action to the Orange County Superior Court. The Court DENIES sanctions pursuant to Rule 11 and DENIES attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk: jcb